[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16276
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00006-TCB-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY ANTHONY GOODMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 22, 2017)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Tony Anthony Goodman appeals his convictions for aiding and abetting individuals dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(l)(A), (a)(2); multiple counts of possession of a firearm by a convicted felon, pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); multiple counts of possession of an unregistered "sawed-off shotgun," pursuant to 26 U.S.C. §§ 5841, 5845(a)(2), 5861(d), and 5871; distribution of methylenedioxymethamphetamine (MDMA), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  He argues that the district court abused its discretion by refusing to allow him to present testimony at his trial regarding whether he is paralyzed.

Goodman's defense was that the person identified by witnesses and shown in the undercover videos committing the drug and firearm offenses was not him because he could not walk, when the person in the videos could.  Given this defense, the government moved for a physical examination of Goodman by an expert witness and its motion was granted.  However, Goodman refused to submit to the medical examination to determine medical paralysis.  The government therefore filed a motion in limine to prevent Goodman from calling witnesses to testify about his alleged paralysis—witnesses who had neither been qualified as medical experts nor had the opportunity to examine Goodman.  The government

2

argued that because Goodman had refused the medical examination he should be precluded from putting forth any expert testimony that he is paralyzed.  Goodman responded that he did not wish to offer any expert testimony as his intended witnesses were caregivers, including doctors, that would testify that they had never observed anything about his behavior inconsistent with his paralysis claim.  The district court ruled that it would permit expert testimony on the paralysis issue only from a qualified physician, and it prevented Goodman from calling his witnesses.

We review a district court's ruling on a motion in limine for abuse of discretion.  *United States v. Kendrick*, 682 F.3d 974, 981 (11th Cir. 2012).  "Abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach, and we must affirm unless we determine that the district court made a clear error of judgment or applied an incorrect legal standard . . . ."  *Id.* (citation and internal quotation marks omitted).

The Sixth Amendment guarantees a defendant the right "to have compulsory process for obtaining witnesses in his favor."  U.S. Const. Amend. VI.  "Implicit in this right[,] as well as in the basic notion of 'due process of law' in general, is the idea that criminal defendants must be afforded the opportunity to present evidence in their favor."  *See United States v. Hurn*, 368 F.3d 1359, 1362 (11th Cir. 2004) (citation omitted).

3

In analyzing "a defendant's claims under the Fifth and Sixth Amendments to call witnesses in h[is] defense, we engage in a two-step analysis." *See id.* At step one, we first examine "whether this right was actually violated, then turn to whether this error was 'harmless beyond a reasonable doubt' . . . ." *Id.* at 1362–63.

"[A] defendant must generally be permitted to introduce evidence directly pertaining" to an affirmative defense. *Id.* at 1363. However, "[a] defendant's refusal to submit to an evaluation by a state expert, based on his own choice . . . , may provide a compelling reason to exclude the defendant's expert testimony, even when the testimony is material." *See Lynd v. Terry*, 470 F.3d 1308, 1314 (11th Cir. 2006) (per curiam).

Furthermore, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" under certain circumstances. *See* Fed. R. Evid. 702. But, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

At step two, we examine whether "the record contains sufficient independent evidence of guilt, [so that] any error is harmless." *See Hurn*, 368 F.3d at 1363; *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006).

The district court did not abuse its discretion by refusing to allow Goodman to present his proposed testimony regarding whether he is paralyzed. Goodman's refusal to submit to a court-ordered physical exam by an expert provided a compelling reason to exclude Goodman's desired testimony. *See Lynd*, 470 F.3d at 1314. The district court did not abuse its discretion when it held that the issue of paralysis was a question for an expert witness and precluded Goodman from presenting testimony from lay witnesses that constituted expert testimony regarding his paralysis.

Additionally, any error was harmless because the record contains sufficient independent evidence of guilt, based on eye-witnesses' identification and video recordings of the offenses. Accordingly, we affirm.

**AFFIRMED.**